IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RODRIGO BUITRAGO,

  Petitioner,

vs.          CIVIL ACTION NO.: CV213-070

WARDEN, FCI JESUP,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rodrigo Buitrago ("Buitrago"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Buitrago filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Buitrago's Petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Following a jury trial in the Southern District of Florida, Buitrago was convicted of of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, and carrying a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. §§ 963, 846, and 924(c). Based on these convictions, Buitrago received two life sentences. (Doc. No. 10-1). The Eleventh Circuit Court of Appeals upheld Buitrago's conviction and sentence on direct appeal. U.S. v. Gonzalez, et. al., 183 F.3d 1315 (11th Cir. 1999) cert. denied, 529 U.S. 1119 (2000).

Buitrago filed a motion, in the Southern District of Florida, pursuant to 28 U.S.C. § 2255. (Doc. No. 10-3). Buitrago's § 2255 motion contended that the district court erred in the enhancement of his sentence in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). (Doc. No. 10-4). The trial court denied Buitrago's motion, noting that <u>Apprendi</u> does not apply retroactively to cases on collateral review. (Doc. No. 10-8, p. 8; Doc. No. 10-9, p. 3). The Eleventh Circuit Court of Appeals dismissed Buitrago's appeal for want of prosecution. (Doc. No. 10-2, p. 4).

In the instant Petition, Buitrago seeks relief under § 2241 based on the argument that he was sentenced beyond the statutory maximum on the basis of facts not charged in the indictment or found by a jury. (Doc. No. 1, pp. 6-7; Doc. No. 6, pp. 13-41). Buitrago explains his "primary contention is that based on the cited authorities in this petition, his claim is cognizable in a 28 U.S.C. § 2241 petition under the savings clause because his current sentence of life imprisonment exceeds the statutory maximum, and therefore the court lacked jurisdiction to impose it, which if not corrected, will result in a fundamental miscarriage of justice." (Doc. No. 6, p. 16). Respondent contends that Buitrago has not satisfied the savings clause and thus cannot bring his claims pursuant to § 2241. In his Response, Buitrago contends his Petition "is not based on a new retroactive applicable Supreme Court decision[ ], but rather . . . his claim of Due Process violation by a sentence exceeding the statutory maximum is grounded on a jurisdictional defect which is well recognized." (Doc. No. 13, pp. 10-13).

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking

to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Essentially, Buitrago argues that § 2255 is ineffective or inadequate as to him because he was wrongly sentenced above the applicable statutory maximum on the basis of facts not charged in the indictment or found by a jury. (Doc. No. 1, pp. 5-7).[1]

---

[1] Despite his claims to the contrary, the arguments made in the instant petition are fundamentally similar to the arguments made in Buitrago's § 2255 petition based on Apprendi v. New Jersey, 530 U.S. 466 (2000). While Buitrago may assert that he is not relying on Apprendi in the instant petition, the underlying contention – that the district court erred in sentencing him above the statutory maximum

AO 72A
(Rev. 8/82)

Buitrago insists the sentencing issue he raises is "jurisdictional" in that "the district court was not authorized by Congress to impose sentence that exceeds statutory maximum." (Id.). Buitrago asserts his alleged wrongful sentence amounts to a "complete miscarriage of justice" and warrants a "fundamental defect error classification." (Doc. No. 6, p. 13). Buitrago cites to Gilbert v. United States, 640 F.3d, 1293 (11th Cir. 2011), which he claims holds that "in limited circumstances, at least where a sentence exceeds the statutory maximum where, if not corrected may result in a complete miscarriage of justice, resort to 28 U.S.C. § 2241 may be allowed." (Doc. No. 6, p. 13).[2]

Buitrago's claim, that the district court lacked jurisdiction to sentence him above the statutory maximum based on facts not charged in the indictment or found by a jury, is an attack on the validity of his conviction and sentence. Therefore, his claim falls within the ambit of § 2255, and in order to file a § 2241 petition, Buitrago must fall within the savings clause of § 2255(e). Buitrago cites to three Supreme Court decisions which post-date his § 2255 petition; none of which serve as a basis for relief.[3] To support his claim, Buitrago raises: DePierre v. United States, __ U.S. __, 131 S. Ct. 2225 (2011); United States v. O'Brien, 560 U.S. 218 (2010); and United States v.

---

based on facts not charged in the indictment or found by a jury — is, in fact, identical. As the court pointed out in the denial of Buitrago's § 2255 petition, Apprendi is not retroactively applicable to cases on collateral review. See Doc. No. 10-9, p. 3; McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001).

[2] Incidentally, Buitrago's citation to Gilbert is insufficient to avoid the savings clause of § 2255. Buitrago has not demonstrated that he was actually sentenced above the statutory maximum sentences applicable to his offenses. Additionally, Gilbert applies to those cases where a petitioner was given a career offender enhancement and is not applicable to Buitrago's claim that his sentence — without such an enhancement — exceeded the statutory maximum. See Nolan v. Keller, 2011 WL 2148412, at *2 (N.D. Ga. May 6, 2011).

[3] Buitrago's arguments based on Supreme Court precedent predating his 2001 § 2255 petition are unavailing. The savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Wofford, 177 F.3d at 1245.

AO 72A
(Rev. 8/82)

Cotton, 535 U.S. 625 (2002). DePierre concerned the meaning of "cocaine base" as used in 28 U.S.C. § 841(b)(1) and is inapplicable to Buitrago's case, and it does not apply retroactively. See Fields v. Warren, FCC Coleman-USP 1, 484 Fed. App'x 425 (11th Cir. 2012). O'Brien "was limited to a rule of statutory construction of [18 U.S.C.] § 924(c)(1)(B)(ii)." Deglace v. Warden, FCC Coleman-Low, 484 Fed. App'x 307 (11th Cir. 2012). O'Brien is irrelevant to Buitrago's case, as there "is no case law suggesting that the holding in O'Brien might be extended to stand for the proposition that the quantity of drugs for which a defendant is convicted is a question for the jury." (Id. at 309). In any event, there is no case law establishing O'Brien as retroactively applicable. See Oharo v. Wells, 2010 WL 5625387 at *2 (S.D. Ga. Dec. 8, 2010) (Barfield, J.). The Cotton decision "explained the standard of review to be applied on appeal to an objection under Apprendi . . . [an argument based on Cotton] is actually based on Apprendi, which is not a retroactively applicable decision." Harden v. Yates, 227 Fed. App'x 794, 795 (11th Cir. 2007).

Buitrago fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising his claim in his previously-filed § 2255 motions. Buitrago cannot show that he was unable to present any of his arguments at trial, on direct appeal, or in his 28 U.S.C § 2255 petition. As mentioned previously, Buitrago raised this exact argument – that the the district court erred in sentencing him above the statutory maximum based on facts not charged in the indictment or found by a jury – in his § 2255 petition. Without meeting the Wofford test, Buitrago's claim does not fall within the savings clause of § 2255(e); therefore, he cannot bring it under § 2241.

Buitrago also provides numerous excerpts of law dealing with his claim that his sentence was "based on a fatal jurisdictional defect" (Doc. No. 13, p. 8), which he alleges makes him actually innocent of the sentence imposed. Buitrago repeatedly argues that his sentence, based on such a jurisdictional defect, amounts to a fundamental miscarriage of justice. To the extent that Buitrago attempts to argue that his jurisdictional-defect-amounting-to-actual-innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of that claim, Buitrago's argument was foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009). In Kelley, a § 2241 petitioner appealed the dismissal of his petition, which asserted that he was actually innocent of the crime for which he was convicted, arguing that a miscarriage of justice would result if the district court did not render a decision on the merits of his claim. The Court of Appeals for the Eleventh Circuit reiterated well-defined circuit law stating that a § 2241 petition is appropriate to challenge the validity of a federal conviction or sentence only when the remedy provided by § 2255 is inadequate or ineffective and that § 2255 is inadequate or ineffective only when the Wofford test is met. The court went on to explain that "[o]nce the savings clause . . . applies to open the portal to a [section] 2241 proceeding, the proper inquiry . . . will be whether the petitioner can establish actual innocence of the crime for which he has been convicted . . . ." Id. at 426 (quoting Wofford, 177 F.3d at 1244 n.3) (some alterations in original). The court determined that because the petitioner did not open the portal to allow him to bring a § 2241 petition, his petition was properly dismissed. Id. Like the petitioner in Kelley, Buitrago has not met the Wofford test; therefore, Buitrago cannot bring his claim pursuant to §

AO 72A
(Rev. 8/82)

2241. This Court's failure to address the merits of Buitrago's actual innocence claim will not result in a miscarriage of justice.

Buitrago cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Buitrago is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Buitrago's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)