IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RODRIGO BUITRAGO,

   Petitioner,

vs.             CIVIL ACTION NO.: CV213-070

WARDEN, FCI JESUP,

   Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Buitrago insists that "his claim qualifies for a § 2241 petition because it constitutes a fundamental defect." (Doc. 16, p. 6). Buitrago asserts he "is not attacking the validity of his conviction," rather, his claim is "an attack on the validity of the district court's jurisdiction to impose a sentence beyond the statutory maximum." (Id. at p. 12). Thus, in Buitrago's estimation, because he does not attack the validity of his underlying conviction, he need not satisfy the test announced in Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999), and he is not required to demonstrate actual innocence.

Buitrago is currently serving two life sentences imposed in the Southern District of Florida after his conviction for conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, and for carrying a firearm during and in relation to a

drug trafficking crime. Buitrago received guideline sentencing enhancements for possession of a dangerous weapon (U.S.S.G. § 2D1.1(b)(1)); victim vulnerability (U.S.S.G. § 3A1.1(b)); physical restraint (U.S.S.G. § 3A1.3); and role in the offense (U.S.S.G. § 3B1.1(a)). (Doc. No. 10-8, p. 7). In the instant § 2241 petition, Buitrago's arguments all proceed from his central contention that he was sentenced:

> to two terms of life imprisonment based on findings not charged in the indictment exceeding the statutory maximum sentence authorized by Congress for the offense of conviction as represented by the indictment. The indictment charged an unquantified amount of cocaine and made no specific citation for drug quantity or statutory provision.

(Doc. No. 1, p. 7). The Magistrate Judge properly characterized Buitrago's claim, that the district court lacked jurisdiction to sentence him above the statutory maximum based on facts not charged in the indictment or found by a jury, as an attack on the validity of his conviction and sentence. (Doc. No. 14, p. 4).

As explained by the Magistrate Judge, typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2000). Buitrago relies on Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011)(en banc), to support his contention that Wofford does not apply to his petition. Prior to Gilbert, the well-settled Eleventh Circuit precedent was that the savings clause under 28 U.S.C. § 2255 "applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion."

Wofford, 177 F.3d at 1244. The Magistrate Judge correctly concluded Buitrago does not satisfy the Wofford test.

In Gilbert, the Eleventh Circuit expressly held that the § 2255 savings clause "does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Id., 640 F.3d at 1323. Further, in its discussion of the "actual innocence" exception under § 2255(h)(1), the Eleventh Circuit stated that the "actual holding of Wofford, which is undoubtedly correct, is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Id. at 1319. Eleventh Circuit cases after Gilbert continue to apply the Wofford test. See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333-34 (11th Cir. 2013); Marshall v. United States, 514 F. App'x 936, 937 (11th Cir. 2013); Williams v. Warden, 713 F.3d 3232, 1342-44 (11th Cir. 2013). The undersigned concludes that even under Gilbert's interpretation of Wofford, Buitrago fails to "open the portal" to a § 2241 proceeding. Buitrago cannot show that he was unable to present any of his arguments at trial, on direct appeal, or in his first § 2255 petition. Buitrago's claim does not fall within the savings clause of § 2255(e); therefore, he cannot bring it under §2241.

The Magistrate Judge also correctly explained that, "[t]o the extent that Buitrago attempts to argue that his jurisdictional-defect-amounting-to-actual-innocence claim can be heard pursuant to § 2241 because it would be a fundamental miscarriage of justice for this Court not to render a merits determination of that claim, Buitrago's argument was foreclosed by Kelley v. Hickey, 307 F. App'x 424 (11th Cir. 2009)." (Doc. No. 14,

AO 72A
(Rev. 8/82)

p. 6). This Court's decision to not render a decision on the merits of Buitrago's actual innocence claim will not result in a miscarriage of justice.

Buitrago's Objections are overruled. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Buitrago's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 1 day of October, 2013.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA